## Philip Taylor *against* Micajah C. Rogers.

IN the Circuit Court of *Perry* County, *Micajah C. Rogers* declared in Debt against *Philip Taylor*, on a bill single for $58 12¾. *Taylor* plead—1st, That in an action in *Bibb* Circuit Court, brought by *Rogers* against him on the same writing obligatory, judgment was rendered that he should recover against *Taylor* his costs by him about his defence in that behalf expended, which judgment yet remains in full force ; and that the parties in this and the former suit are the same and not different. 2dly, That the writing ob- ligatory was made and delivered to the plaintiff in part con- sideration for goods, &c. sold by plaintiff to him, in which sale he was cheated and defrauded by the plaintiff, and that the consideration of said writing has wholly failed. There was a third plea of fraudulent representations in obtaining the bond ; all the pleas were written at length, and subscrib- ed by the defendant's attorney. Then follows in the Record " replication and issue by consent," to which the names of the attornies for plaintiff and defendant are subscribed. On the trial before the Jury the plaintiff offered in evidence a bill single corresponding to the description in the decla-

1, Debt on bond, defendant pleads 1st, a judgment for the same cause of action in favour of defendi- ant.
2, That the bond was obtained by fraudulent repre- sentations, and to which there is " replication and issue by con- sent ;" the plea of former recove- ry is answered by the replication, and it is not Er- ror that it does not appear to have been tried, by the Record.
2, Defendant de- clared vs. as *Phi- lip Taylor*—a bond subscribed " *Pilip Taylor* " admitted in evi- dence.

3, Verdict, " that defendant owes the said plaintiff the debt in the declaration mentioned, and $15 95 cents damages for its detention," sufficiently responds to the above issues.

ration, except that the name subscribed is "*Pilip*" instead of "*Philip*" *Taylor*; to the admission of which the defendant objected on the ground of its variance from the writing obligatory described in the declaration, which objection was overruled and a bill of Exceptions taken. The entry of the verdict and judgment, after setting out the names of the Jurors, is as follows : " who being elected, tried, and " sworn, well and truly to try the issue joined, upon their oaths " do say, that the defendant owes the said plaintiff the sum of " fifty-eight dollars and twelve and three-fourth cents, the " debt in the declaration mentioned, and fifteen dollars and " ninety-five cents damages sustained by reason of the deten" tion of said debt, together with costs. Therefore it is con" sidered by the Court that plaintiff recover against the de" fendant the sum of fifty-eight dollars and twelve and three" fourth cents, the debt in the declaration mentioned, toge" ther with the sum of fifteen dollars and ninety-five cents, " the damages sustained by occasion of the detention of said " debt, and also his costs by him about his suit in this behalf " expended."

*Taylor* here assigns as Errors—

1st, Plea of former recovery by defendant is not answered or denied, and judgment should have been rendered for him on it.

2d, It does not appear but that this plea, which should have been tried by the Court, was submitted to the Jury.

3d, The Court erred (as stated in the bill of Exceptions) in permitting the writing obligatory to go in evidence.

4th, The finding of the Jury does not respond to or dispose of the pleas.

5th, The judgment does not appear to be founded on the verdict.

Judge *Crenshaw* delivered the opinion of the Court.

As to the 1st and 2d assignments—pleading in short by consent, as was done here, has by several decisions of this Court been recognized as dispensing with many of the formalities requisite in pleading. If the plea of a former judgment could not properly be tried by the Jury, the parties by taking issue and going to trial on the other pleas would be considered as having waived or withdrawn this ; but whether waived or not I am not sure that it might not be tried by the Jury if the parties chose to submit it to them. The averment in this plea, that the parties are the same, if traversed, was a matter properly triable by the Jury : in this point of view the replication may fairly be considered as applying to this as well as to the other pleas.

As to the 3d assignment—the variance between the writing obligatory described in the declaration and that offered is, I presume, between the names "*Philip Taylor*" and "*Pilip Taylor.*" They sound so much alike that one may well be taken for the other ; the variance is not material. As to the other assignments, the verdict sufficiently finds the issue or issues for the plaintiff, and the judgment pursues the verdict.

Let the judgment of the Circuit Court be affirmed.

Judge *Saffold* having presided on the trial below did not sit.